UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEAM EXPRESS DISTRIBUTING LLC, | § § § § § § § § § § § § | No. 5:15–CV–994–DAE |
| Plaintiff, | | |
| vs. | | |
| JUNCTION SOLUTIONS, INC., and MICROSOFT CORPORATION, | | |
| Defendants. | | |

ORDER STAYING COUNTERCLAIM AGAINST PLAINTIFF

Team Express Distributing, LLC ("Plaintiff") is a limited liability retail company which has been selling sporting goods in San Antonio since 1990. ("Compl.," Dkt. # 1, Ex. 1 ¶¶ 3, 11). Defendant Junction Solutions, Inc. ("Junction") is an authorized value-added reseller, who sells software created by Defendant Microsoft Corporation ("Microsoft"). (Id. ¶ 4, 16.)

In 2010, Plaintiff began searching for a new software system to facilitate running its business, and Junction provided Plaintiff with materials regarding the Microsoft Dynamics AX software product (the "Software"). (Compl. ¶¶ 14–17.) Plaintiff alleges that Junction, on its own and as an agent for Microsoft, misrepresented both the capabilities of the Software and its own expertise in implementing the Software. (Id. ¶¶ 18–19, 25.) Plaintiff states that,

1

based in part upon Junction's misrepresentations, it signed a contract with Junction on April 18, 2014 to obtain a license for the Software. (Id. ¶ 27.) The software "went live" on February 23, 2015; Plaintiff claims it has experienced problems in invoicing and payment processing, warehouse operations, fraud detection, promotions, and demand forecasting—all functions they believe the Software was designed to handle—since that time. (Id. ¶¶ 28–36.)

On October 2, 2015, Plaintiff filed suit against Defendants in the 438th Judicial District Court of Bexar County, raising causes of action for fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation against Junction and Microsoft; breach of contract and breach of warranty against Junction; and breach of warranty against Microsoft. (Compl. ¶¶ 38–72.) Plaintiff also sought exemplary damages and attorney's fees. (Id. ¶¶ 73–76, 78.) On November 12, 2015, Defendants removed the suit to this Court. (Dkt. # 1.) On November 19, 2015, Junction answered Plaintiff's complaint, asserting a counterclaim for breach of contract for alleged failure to pay over $1.4 million in fees pursuant to the April, 2014 contract. (Dkt. # 2 ¶¶ 6–18.) Plaintiff answered Junction's Counterclaim on December 14, 2015. (Dkt. # 7.) On January 15, 2016, Plaintiff filed a Notice of Bankruptcy to inform this Court of its Chapter Eleven bankruptcy suit, filed on December 16, 2015 and currently pending before the United States Bankruptcy Court for the Western District of Texas. (Dkt. # 10.)

Section 362 of the United States Bankruptcy Code requires that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "The automatic stay of the Bankruptcy Code extends only to actions 'against the debtor,'" and the "debtor's offensive claims are not subject to the automatic stay." In re U.S. Abatement Corp., 39 F.3d 563, 568 (5th Cir. 1994) (quoting 11 U.S.C. § 362(a)); see also Hayes v. Bank of America, No. H–12–377, 2013 WL 5352704 at *3 (S.D. Tex. Sept. 23, 2013) (finding that debtor-plaintiff's filing of Chapter 13 bankruptcy did not stay "lawsuits initiated by the debtor that would inure to the benefit of the [bankruptcy] estate").

The action before the Court involves a judicial proceeding initiated by the debtor as well as a counterclaim against the debtor, commenced before the bankruptcy proceeding began. Plaintiff, who is the debtor-in-possession before the Bankruptcy Court, has expressed the desire to continue litigating its "offensive claims" (Dkt. # 10 at 1); accordingly, Plaintiff's "offensive claims" are not stayed, and shall proceed during the pendency of the bankruptcy suit. However, because a proceeding against a debtor must be stayed while the debtor subject to suit is

engaged in a bankruptcy proceeding, this Court finds that Junction's counterclaim must be **STAYED** pursuant to Section 362 of the United States Bankruptcy Code.

    **IT IS SO ORDERED.**

    **DATED:** January 22, 2016, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge