**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TEAM EXPRESS DISTRIBUTING LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO: 5:15-cv-00994-DAE |
| JUNCTION SOLUTIONS, INC. and MICROSOFT CORP., | § § § | |
| Defendants. | § § § | |

**MICROSOFT CORPORATION'S OPPOSITION BRIEF TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT AND AMENDED ANSWER**

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ................................................................................................ 1

II.  AUTHORITY AND ARGUMENT ..................................................................................... 3

     A.   Team Express Seeks to Join Non-Diverse Parties for the Sole Purpose of Destroying Diversity Jurisdiction ........................................................................... 4
     B.   Team Express Was Not Diligent in Amending its Complaint ................................ 6
     C.   Team Express Will Not be Prejudiced if Amendment Adding Non-Diverse Parties is Denied ..................................................................................................... 7
     D.   Team Express Identifies No other Equitable Factors to Allow Amendment .......... 9

III. CONCLUSION ..................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Federal Cases**

*Anzures v. Prologis Texas I, LLC*,
   886 F. Supp. 2d 555 (W.D. Tex. 2012) (Cardone, J.)..........................................................6, 7

*Arthur v. Stern*,
   2008 WL 2620116 (S.D. Tex. June 26, 2008) ........................................................................8

*Boyce v. CitiMortgage, Inc.*,
   992 F. Supp. 2d 709 (W.D. Tex. 2014) (Rodriquez, J.)........................................................5, 7

*Flores v. Wind Turbine*,
   2015 WL 2452523 (W.D. Tex. May 21, 2015) (Ezra, J.) ...........................................3, 4, 5, 7, 9

*Gallegos v. Safeco Co. of Indiana*,
   2009 WL 4730570 (S.D. Tex. Dec. 7, 2009) ...........................................................................7

*Hensgens v. Deere & Co.*,
   833 F.2d 1179 (5th Cir. 1987) .................................................................................................3

*Irigoyen v. State Farm Lloyds*,
   2004 WL 398553 (S.D. Tex. Jan. 5, 2004) .............................................................................7

*Martinez v. Holzknecht*,
   701 F. Supp. 2d 886 (S.D. Tex. 2010) ....................................................................................3

*Mia Reed & Co., Ltd. v. United Fire & Gas Co.*,
   2012 WL 2499932 (S.D. Tex. June 27, 2012) .......................................................................6

*O'Connor v. Auto . Ins. Co. of Harford Conn.*,
   846 F. Supp. 39 (E.D. Tex. 1994).............................................................................................7

*Priester v. JP Morgan Chase Bank, N.A.*,
   708 F.3d 667 (5th Cir. 2013) ...................................................................................................4

*South Austin Pharmacy, LLC v. Pharmacists Mutual Insurance Co.*,
   2015 WL 2445969 (W.D. Tex. May 19, 2015) ...................................................................5, 8

**Federal Statutes**

28 U.S.C. § 1447(e) ........................................................................................................................3

Defendant Microsoft Corp. ("Microsoft") hereby responds to plaintiff Team Express Distributing LLC's ("Team Express") motion for leave to file amended complaint and amended answer.  Microsoft does not oppose Team Express amending its complaint to include claims of negligence and gross negligence against defendants Junction Solutions, Inc. ("Junction") and Microsoft because those claims allegedly arise out of the same transaction and occurrences of the current action.  Microsoft, however, does oppose Team Express amending its complaint to join non-diverse parties and assert unrelated claims without alleging any overlapping facts or seeking any relief that arises out of the same transactions or occurrences as the underlying action.  Team Express's added claims of the "fraudulent transfer of assets" from a non-party's acquisition of Junction are completely divorced from the claims in its original complaint.  The amendment to join parties under the guise of the "fraudulent transfer" claim is nothing more than a transparent attempt to <u>join non-diverse parties solely to destroy diversity jurisdiction</u>.  As this Court recently ruled in *Flores v. Wind Turbine*, attempts to join parties to destroy diversity jurisdiction should be scrutinized and, ultimately, denied when no real prejudice to plaintiff exists.

I.     FACTUAL BACKGROUND

On November 21, 2015, this case was removed from the 438th Judicial District Court of Bexar County to this Court.  [Dkt. No. 1.]  The Court has entered an Interim Protective Order (Dkt. No. 13) and Scheduling Order (Dkt. No. 21) with fact discovery closing on November 11, 2016, expert reports due by Dec. 13, 2016, and motions for summary judgment due no later than March 21, 2017.  Unfortunately, the parties have not been able to reach agreement on simple matters related to a Protective Order (*e.g.*, provisions for source code production) and an Electronically Stored Information Order, which has frustrated fact discovery.  Even though the parties exchanged Initial Disclosures over two months ago, no formal discovery has commenced.

Instead of moving its case forward, Team Express has allowed itself to become distracted with requesting discovery related to an asset purchase agreement between Junction and a non-party, in an effort to find and add non-diverse parties to destroy diversity jurisdiction.

On the evening of April 20, 2016, Team Express notified the defendants at 8:08 p.m. that it intended to file a motion for leave to amend its pleadings, and that if it did not hear back from defendants by 11:00 a.m. the following morning that it would file the motion as opposed.[1]  In its proposed amended complaint, Team Express now accuses Junction, and other non-diverse parties, of conspiring to fraudulently transfer Junction's assets, thereby denying Team Express the ability to recover damages from Junction in this lawsuit.  The original suit concerns representations allegedly made by Junction and Microsoft, from 2010-2014, about the implementation and capabilities of Microsoft's Dynamics AX 2013 R3.  In stark contrast, Team Express's proposed added claims and parties concern an acquisition of Junction's assets, consummated in late-2015, by a non-party that has no connection to the allegedly fraudulent representations Junction and Microsoft are accused of making in the current action, and to which Microsoft was not a party.  After filing its motion for leave to amend, and defendants learning that Team Express sought to add non-diverse entities, the parties agreed to a short extension of the deadline for defendants' to file their opposition briefs. [Dkt. No. 32.]  Microsoft now files its opposition brief to Team Express's motion for leave to amend its complaint.

---

[1] Microsoft requested a meet and confer before Team Express filed its motion for leave as opposed, which occurred the following morning without Junction.  Less than 30 minutes later, while Microsoft's outside counsel was attempting to contact the client and without meeting and conferring with Junction, Team Express filed its motion for leave to amend as opposed. [Exh. 1, (email communication from R. Trevino to L. Karam, dated April 21, 2016.)]  References herein to "Exh. __" are to the exhibits to the Declaration of Rene Trevino.

## II.   AUTHORITY AND ARGUMENT

Although district courts routinely grant parties leave to amend pleadings, certain circumstances justify denying leave to amend.  And this Court has recently found those circumstances to exist on facts very similar to this case.[2]  In *Flores v. Wind Turbine*, this Court held that the "standard for amendment … is different where a plaintiff seeks to add nondiverse defendants that would destroy the Court's jurisdiction."  2015 WL 2452523, *1 (W.D. Tex. May 21, 2015) (Ezra, J.).  Further, if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 888 (S.D. Tex. 2010) (explaining that 28 U.S.C. § 1447(e), rather than Rule 15(a), as Team Express suggests, applies when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal).

Team Express's motion for leave to amend its pleadings and add non-diverse parties implicates competing interests, such as "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources, weighed against the diverse defendant's interest in retaining the federal forum upon which the removal statutes are predicated."  *Wind Turbine*, 2015 WL 2452523, at *1 (internal quotation marks omitted) (*citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  Therefore, when faced with motions to amend pleadings that would destroy jurisdiction, district courts "should scrutinize that amendment more closely than an ordinary amendment."  *Id*. (internal citations omitted).

---

[2] In *Flores v. Wind Turbine*, the plaintiff filed a negligence action in Bexar County, Texas, against Wind Turbine, which timely removed the case to this Court based on diversity jurisdiction.  *Wind Turbine*, 2015 WL 2452523, at *1.  As here, the plaintiff filed a motion for leave to file amended pleadings, which sought to add various companies that would have destroyed the Court's diversity jurisdiction.  *Id*. at *2.  The diverse defendants' opposed the motion.

Accordingly, before allowing the amendment, a district court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id*. at *2; *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013). "The court should use its discretion in deciding whether to allow that party to be added." *Id*. (internal citations omitted). In *Wind Turbine*, this Court denied leave to amend because there was no prejudice to the plaintiff, even though it found that the plaintiff was not amending solely for the purpose of destroying diversity jurisdiction or dilatory in moving for leave to amend. *Wind Turbine*, 2015 WL 2452523, *4. The facts here are even more egregious than in *Wind Turbine*. The only reasonable conclusion is that Team Express is making the amendment solely to destroy diversity jurisdiction and it has identified absolutely no evidence to support its allegation that Junction will be unable to satisfy an unfavorable judgment. Therefore, as discussed in more detail below, the *Hensgens* factors weigh in favor of denying-in-part Team Express's motion for leave to amend its complaint.

    A.    **Team Express Seeks to Join Non-Diverse Parties for the Sole Purpose of Destroying Diversity Jurisdiction**

Team Express's proposed amended complaint is a transparent ploy designed to destroy the Court's subject matter jurisdiction by joining a set of non-diverse defendants to this case. In fact, in its opening brief, Team Express argues that it "believes that the joinder of these additional parties will destroy diversity jurisdiction … and that the net effect will be to eliminate subject matter jurisdiction in this Court." [Dkt. No. 30, "Opening Br." at 4.] Team Express devotes an entire section of its opening brief to arguing that, after the entry of the amended complaint, the case should be remanded to State court. [*Id*. at 7 ("Team Express intends to move

promptly to remand this case upon filing of the Amended Complaint and Amended Answer.").] Team Express's self-serving statement that it is not the "goal or purpose to defeat jurisdiction" cannot mask its true intent. [*Id*. at 4.]

This Court has already recognized that an "effort to add a nondiverse defendant shortly after removal and prior to any additional discovery [ ] is an indication that the purpose of the amendment is to defeat jurisdiction." *Wind Turbine*, 2015 WL 2452523, at *2; *see also Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 711 (W.D. Tex. 2014) (Rodriquez, J.) ("[I]f a plaintiff moves to amend shortly after removal, some courts have viewed that as evidence of a primary purpose to defeat diversity."). In *Wind Turbine*, this Court found that since the plaintiff failed to raise the jurisdictional issue in its motion to amend its complaint and was not seeking remand, then the purpose of the amendment was not to defeat jurisdiction. *Id*. That is not the case here. As previously mentioned, Team Express has specifically stated in its motion for leave to amend that allowing the amendment would destroy diversity jurisdiction and that it intends to remand the case to State Court, which is a clear indication of its motive to defeat diversity jurisdiction. *South Austin Pharmacy, LLC v. Pharmacists Mutual Insurance Co.*, 2015 WL 2445969, at *2 (W.D. Tex. May 19, 2015) (Lane, M.J.) (finding that a contemporaneously filed motion to amend and motion for remand that relied on each other was an intention to defeat federal jurisdiction). Team Express makes no effort to hide its intention to immediately have this case remanded to State court by stating that it "intends to move promptly to remand this case upon filing of the Amended Complaint and Amended Answer" because "joinder … will defeat this Court's jurisdiction." [Opening Br. at 7.] Accordingly, Team Express's own statements and actions lead to a strong inference that its motion for leave to amend is merely a cloaked motion to remand to State court.

Moreover, Team Express's argument that the alleged "fraudulent transfer of assets" claims are "related to the same set of facts" as its original claims is without merit. Team Express attempts to connect an acquisition in late-2015 between Junction and a non-party with the factual allegations made in its original complaint, which allegedly began in early-2011 between Team Express and Junction. Nothing could be further from the truth. Without any supporting evidence, such as declarations or affidavits, Team Express casually glosses over its assertion that the causes of action are closely related. In a single conclusory sentence of its opening brief, Team Express states that the non-diverse parties are "proper individuals or parties … to the transaction that depleted Junction's assets while leaving behind the liability for the harm caused to Team Express." [*Id*. at 6.] That is it, pure speculation with no evidence of how the causes of action or parties are directly related. The thinness of any overlap between the alleged "fraudulent transfer" claims and any facts, any cause of action, or any applicable law in the underlying case further suggests that the primary (and sole) purpose of Team Express's amended complaint is to destroy the Court's subject matter jurisdiction.

Team Express has presented no credible argument that would establish any motive other than an attempt to avoid this Court's jurisdiction and, therefore, the first *Hensgens* factor weighs heavily in favor of denying Team Express's motion for leave to amend its complaint.

B.   **Team Express Was Not Diligent in Amending its Complaint**

After learning of the need to add non-diverse parties, Team Express waited for over three months to file its motion for leave to amend. Team Express has provided no plausible excuse for this delay, and courts have found that such a delay is dilatory. *See Anzures v. Prologis Texas I, LLC*, 886 F. Supp. 2d 555, 564-65 (W.D. Tex. 2012) (Cardone, J.); *see also Mia Reed & Co., Ltd. v. United Fire & Gas Co.*, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012). Courts,

however, also consider the procedural posture of the case, particularly whether "trial or pre-trial dates were scheduled," or any "significant activity beyond the pleading stage has occurred." *Wind Turbine*, 2015 WL 2452523, at *3. Although Team Express has been dilatory in filing its motion for leave to amend, Microsoft acknowledges that there has been no significant activity in this case.[3] Fact discovery closes on November 11, 2016, and summary judgment motions are due on March 21, 2016. Therefore, the Court should consider this *Hensgens* factor as neutral in deciding whether to grant Team Express's motion for leave to amend its complaint

### C. Team Express Will Not be Prejudiced if Amendment Adding Non-Diverse Parties is Denied

Team Express has identified no prejudice that would flow from denying its motion for leave to amend. Team Express has identified <u>no evidence</u> that Junction would be unable to satisfy a judgment against it, and therefore it is unnecessary to join the non-diverse parties as defendants in this action. *See id.* at *3 (*citing Boyce*, 992 F. Supp. 2d at 721); *see also Gallegos v. Safeco Co. of Indiana*, 2009 WL 4730570 (S.D. Tex. Dec. 7, 2009). Courts in this district and sister-districts have found there to be no prejudice to the plaintiff when the current defendant would be able to satisfy a future judgment. *See Anzures*, 886 F. Supp. 2d at 565 (*citing Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004) (finding no prejudice against the plaintiff in denying joinder because there is "no indication that [the current defendant] will be unable to fully satisfy a future judgment)); *O'Connor v. Auto . Ins. Co. of Harford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (the "Court finds O'Connor will not suffer any serious prejudice if the amendment is denied. There is absolutely nothing to indicate that [the current defendant] would be unable to satisfy a future judgment").

---

[3] As previously mentioned, Team Express has not moved its case forward and continues to frustrate fact discovery by needlessly complicating the Protective Order and Electronically Stored Information Order.

Importantly, in its Initial Disclosures, Junction identifies an insurance agreement that will satisfy a possible judgment against it. [Exh. 2 at 6, (Junction Solutions, Inc.'s Initial Disclosures, dated Feb. 12, 2016.)] Therefore, Team Express has been on notice since February that Junction will be able to satisfy a judgment against it, regardless of any acquisition of Junction's assets. Team Express, however, neglects to explain (much less mention) to this Court why this insurance agreement does not satisfy its "concerns" that Junction will be unable to satisfy any judgment against it. Indeed, without any actual evidence that Junction will not be able to satisfy a negative judgment, Team Express relies solely on loose language such as "concerned" and "potentially escape liability" in relation to Junction's alleged inability to pay. [Opening Br. at 3 and 7.] Team Express must allege more than assumption and conjuncture to prove that is has or will be in fact prejudiced by the denial of its motion for leave to amend.

Additionally, the non-diverse parties and the alleged "fraudulent transfer of assets" claims do not arise from the same facts, transactions, or occurrences as the underlying action. In other words, those amended claims are distinct and separate from the original claims asserted against Microsoft and Junction, and Team Express, if it desires, "can pursue those claims [ ] in State court." *See South Austin Pharmacy*, 2015 WL 2445969, at *4 (internal citations omitted). "Although [Team Express] would have to litigate these separate claims in separate proceedings, one federal and one state, this is not a significant injury under *Hensgens*." *Id*. (*citing Arthur v. Stern*, 2008 WL 2620116 (S.D. Tex. June 26, 2008)). Team Express's unrelated claims and non-diverse parties would unnecessarily complicate what is at base a claim of defendants' alleged fraudulent inducement of Team Express to purchase and implement Microsoft software, which was allegedly ill-equipped to handle Team Express's online store. Because Team Express will

not suffer any prejudice from failing to join non-diverse parties as defendants, this *Hensgens* factor weighs in favor on denying leave to amend Team Express's complaint.

### D. Team Express Identifies No other Equitable Factors to Allow Amendment

The final *Hensgens* factor requires the Court to analyze other equitable factors if any are raised by the parties. Team Express, however, has not raised any equitable factors not encompassed by the previous three. On the other hand, Microsoft has an interest in maintaining the case in a federal forum. Indeed, as this Court has previously noted, defendants have an "interest in retaining the federal forum, upon which the removal statutes are predicated." *Wind Turbine*, 2015 WL 2452523, at *1 (internal citations omitted). The rationale behind the removal statutes is that diverse defendants have an option of selecting a state or federal forum, and Team Express's motion for leave to amend falls woefully short of the required showing under *Hensgens* to disturb Microsoft's and Junction's choice of forum.

### III. CONCLUSION

As in *Wind Turbine*, Team Express will suffer no prejudice in denying Team Express's amended complaint to include non-diverse parties and unrelated claims. Moreover, Team Express's motion for leave is intended solely to destroy the Court of its subject matter jurisdiction, which is not allowed under *Hensgens*. Under the heightened level of scrutiny the Court must apply to Team Express's amended complaint, Microsoft respectfully requests that the Court grant-in-part and deny-in-part Team Express's motion for leave to amend.

Dated: May 5, 2016

Respectfully submitted,

By */s/ Rene Trevino*_____

Mary-Olga Lovett (TX Bar # 00789289)
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: 713-374-3541
Facsimile: 713-754-7541
Email: LovettM@gtlaw.com

Rene Trevino (TX Bar # 24051447)
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: 713-374-3551
Facsimile: 713-754-7502
Email: TrevinoR@gtlaw.com

**ATTORNEYS FOR DEFENDANT MICROSOFT CORP.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 5th day of May, 2016.

                                            */s/ Lucresha Sheffield*_____
                                            Lucresha Sheffield