UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEAM EXPRESS DISTRIBUTING LLC, | § § § | No. 5:15–CV–994–DAE |
| Plaintiff, | § § § | |
| vs. | § § | |
| JUNCTION SOLUTIONS, INC., and MICROSOFT CORPORATION, | § § § § | |
| Defendants. | § | |

ORDER: (1) GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT; (2) REMANDING CASE TO STATE COURT

Before the Court is a Motion for Leave to File an Amended Complaint, filed by Plaintiff Team Express Distributing, LLC ("Team Express") on April 21, 2016.[1]  (Dkt. # 30, Ex. 1.)  On May 5, 2016, Defendants Microsoft Corporation ("Microsoft") and Junction Solutions, Inc. ("Junction") filed separate motions objecting to certain aspects of Team Express' proposed amended complaint.  (Dkts. ## 33, 34).  Team Express filed a Reply on May 12, 2016.  (Dkt.

---

[1] Notably, Team Express states that "it is not required to file a motion for leave to amend its complaint because it is within the deadline for amending pleading as established by this Court's Scheduling Order." (Dkt. # 30, Ex. 1, at 4.)  This is not an accurate interpretation of the law, and Team Express correctly filed a motion requesting permission to amend their complaint.  See Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013) ("There are no cases that support the . . . broad reading of [Local] Rule 16(b), which would allow unlimited amendments so long as a scheduling order did not explicitly require leave to amend.").

1

# 35, Ex. 1.)  Pursuant to Local Rule 7(h), the Court finds this matter is suitable for disposition without a hearing.  After having carefully considered the briefs in favor and opposition to the amendment, the Court **GRANTS** Team Express' Motion for Leave to File an Amended Complaint.  (Dkt. # 30, Ex. 1.)

BACKGROUND

Team Express is a limited liability retail company which has been selling sporting goods in San Antonio since 1990.  ("Compl.," Dkt. # 1, Ex. 1 ¶¶ 3, 11).  Junction is an authorized value-added reseller, who sells software created by Microsoft.  (Id. ¶ 4, 16.)

In 2010, Team Express began searching for a new software system to facilitate running its business, and Junction provided Team Express with materials regarding the Microsoft Dynamics AX software product (the "Software").  (Compl. ¶¶ 14–17.)  Team Express alleges that Junction, on its own and as an agent for Microsoft, misrepresented both the capabilities of the Software and its own expertise in implementing the Software.  (Id. ¶¶ 18–19, 25.)  Team Express states that, based in part upon Junction's misrepresentations, it signed a contract with Junction on April 18, 2014, to obtain a license for the Software.  (Id. ¶ 27.)  The Software "went live" on February 23, 2015; Team Express claims it has experienced problems in invoicing and payment processing, warehouse operations,

fraud detection, promotions, and demand forecasting—all functions they believe the Software was designed to handle—since that time. (Id. ¶¶ 28–36.)

On October 2, 2015, Team Express filed suit against Defendants in the 438th Judicial District Court of Bexar County, raising causes of action for fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation against Junction and Microsoft; breach of contract and breach of warranty against Junction; and breach of warranty against Microsoft. (Compl. ¶¶ 38–72.) Team Express also sought exemplary damages and attorney's fees. (Id. ¶¶ 73–76, 78.) On November 12, 2015, Defendants removed the suit to this Court. (Dkt. # 1.) On November 19, 2015, Junction answered Team Express' complaint, asserting a counterclaim for breach of contract for alleged failure to pay over $1.4 million in fees pursuant to the April 2014 contract. (Dkt. # 2 ¶¶ 6–18.) Team Express answered Junction's Counterclaim on December 14, 2015. (Dkt. # 7.)

Team Express now seeks leave to file an Amended Complaint to add several additional parties: RSM US LLP ("RSM"), MK Capital SBIC, LP and MK Capital, LP (the "MK Entities"), certain unnamed Junction stockholders, Mark Koulogeorge, the managing partner of MK Capital, and Jeff Grell, the former CEO and President of Junction (collectively, the "Proposed Additional Parties"). (Dkt. # 30, Ex. 2 at 1, ¶¶ 9, 11.) Team Express alleges that Junction executed an asset purchase agreement on November 12, 2015, transferring substantially all of its

3

assets to RSM without transferring the potential liabilities associated with the Team Express contract.  (Dkt. # 30, Ex. 1 at 2–3; Ex. 2 ¶¶ 2, 45.)  On the basis of this information, Team Express seeks to add various claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Texas Business and Commerce Code § 24.001 et seq., against the Proposed Additional Parties, based upon the sale of Junction to RSM (Dkt. # 30, Ex. 2 ¶¶ 108–115; 116–125); Civil Conspiracy to Violate and Aiding and Abetting Violations of TUFTA against Junction and the Proposed Additional Parties (id. ¶¶ 126–130; 131–33); as well as various alternate theories of successor liability as against RSM only (id. ¶¶ 134–141).

        Team Express also seeks to amend its complaint to add claims for negligence and gross negligence against Microsoft and Junction; these claims arise out of the implementation of the software at Team Express.  (Dkt. # 30, Ex. 2 ¶¶ 94–99.)  It also seeks to amend its answer to Junction's counterclaims.  (Dkt. # 30, Ex. 4.)

        While RSM is organized under the laws of the state of Iowa and has its principal place of business in Chicago, Illinois, it maintains corporate offices in Houston and Dallas, making it a citizen of Texas; RSM's joinder would destroy diversity jurisdiction.  (Dkt. # 30, Ex. 2 ¶ 6.)  None of the other parties whom Team Express seeks to join are citizens of Texas; accordingly, only RSM's joinder would destroy diversity jurisdiction.

## LEGAL STANDARD

"'A court should freely give leave' to amend pleadings 'when justice so requires.'" Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)).  "That generous standard is tempered by the necessary power of a district court to manage a case."  Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 678 (5th Cir. 2013) (quoting Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 566 (5th Cir. 2003)); see also Manns, 732 F.3d at 456 ("Such leave is not automatic, however, and is at the discretion of the district court.").

In spite of Rule 15's permissive standard, the Court should apply a stricter standard in a case removed to federal court where, "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  Moore v. Manns, 732 F.3d at 456 (quoting 28 U.S.C. § 1447(e)); Priester, 708 F.3d at 679 (explaining that where the plaintiff in a removed diversity suit seeks to amend its complaint to add a non-diverse party, the district court "must scrutinize an amendment [to a pleading] that would add a non-diverse party more closely than an ordinary amendment" (quoting Short v. Ford Motor Co., 21 F.3d 1107 (5th Cir. 1994))).  In such a case, "the court may deny joinder, or permit joinder and remand the action to the State court."  Moore, 732 F.3d at 456 (quoting 28 U.S.C. § 1447(e)).

The Fifth Circuit has adopted a test to determine whether the plaintiff should be granted leave to amend to add the non-diverse party.  The Court should consider four factors: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities."  Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

## ANALYSIS

A. Whether claims against proposed additional parties should be permitted

Team Express seeks to add several TUFTA claims against various parties, including RSM, whose joinder would destroy diversity jurisdiction.  TUFTA "states that a debtor's transfer 'is fraudulent as to a creditor' if made with '*actual intent* to hinder, delay, or defraud any creditor of the debtor' or if made for a lack of 'reasonably equivalent value' under certain additional conditions."  In re Soza, 542 F.3d 1060, 1065 (5th Cir. 2008) (quoting Tex. Bus. & Comm. Code Ann. § 24.005(a)(1)–(2) (emphasis in Soza)).

1. Whether the purpose of the amendment is to defeat federal jurisdiction

"Where a plaintiff has a cognizable cause of action against the nondiverse defendant, courts have found that the primary purpose of amendment was not to defeat federal jurisdiction."  Flores v. Turbine, No. 5:15–cv–231, 2015

WL 2452523, at * 2 (W.D. Tex. May 21, 2015) (citing Martinez v. Holzknecht, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010)).  Conversely, where a plaintiff seeks to add a non-diverse defendant to a removed case for "a vague and amorphous reason," fails to explain why the addition was "necessary for proper litigation of their claim," and only attempts to add the non-diverse party after the suit has been removed to federal court, such factors counsel finding that the plaintiff seeks to add the non-diverse party for the sole purpose of defeating diversity jurisdiction. Lewis v. State Farm Lloyds, 205 F. Supp. 2d 706, 709 (S.D. Tex. 2002).

      The proposed Amended Complaint states that "Junction transferred substantially all of its assets to RSM" on December 1, 2015, pursuant to the November 12, 2015 sale, after the inception of the instant lawsuit, and that "assets were transferred from Junction to RSM and in return RSM paid consideration to Junction's shareholders—not, ultimately, to Junction itself."  (Dkt. # 30, Ex. 2 ¶¶ 45, 50.)  Junction counters that it holds "a $7 million insurance policy to protect against claims arising out of" the instant litigation, "in addition to other assets," and further argues that its sale to RSM was neither a sham transaction nor an act taken to avoid liability in the instant lawsuit.  (Dkt. # 34 at 4.)

      The Proposed Amended Complaint seeks to add parties based upon a transaction which began on the same day the case was removed to federal court; these claims did not exist when Team Express first brought suit against Microsoft

and Junction. The Proposed Amended Complaint alleges facts that, if true, could support a TUFTA claim in the event that Team Express' original claims succeed, and it is awarded damages in excess of Junction's insurance policy and any remaining assets.[2] Further, Team Express' Proposed Amended Complaint seeks to join numerous parties, only one of whom is non-diverse.

Because the Proposed Amended Complaint seeks to add cognizable claims for articulated reasons, against parties who could not have been added when the lawsuit was initially brought in state court, it is unlikely that Team Express seeks to add a non-diverse party for the sole purpose of defeating diversity jurisdiction. See Lewis, 205 F. Supp. 2d at 709. Accordingly, this factor weighs in favor of permitting Team Express to amend its complaint.

2. Whether Team Express has been dilatory in seeking to amend

Junction argues that Team Express was dilatory in seeking to amend, because the instant motion was filed five months after the original complaint was removed to federal court and approximately three months after Team Express obtained a copy of the Asset Purchase Agreement documenting Junction's sale to RSM. (Dkt. # 34 at 7.) While Microsoft holds the same position, it "acknowledges that there has been no significant activity in this case." (Dkt. # 33

---

[2] Importantly, this does not constitute an evaluation of the likelihood of Team Express' success on the merits of any aspect of its case, but rather on whether Team Express seeks to add claims and parties solely to defeat diversity jurisdiction.

8

at 7.)  The scheduling order was entered in this case on February 17, 2016, and stipulated that the "parties shall file all motions to amend or supplement pleadings or to join additional parties by May 20, 2016."  (Dkt. # 21 ¶ 4.)  No dispositive motions have been filed in this case, and the activity on the docket since the case's inception has been entirely non-substantive.[3]  Accordingly, Team Express has not been dilatory in seeking leave to amend, and this factor does not weigh against granting Team Express leave to amend its complaint.

> 3. <u>Whether plaintiff will face significant injury if amendment is not permitted</u>

Courts should consider "whether a plaintiff will be significantly injured if amendment is not allowed," and "whether a plaintiff can be afforded complete relief in the absence of the amendment."  Boyce v. CitiMortgage, Inc., 992 F. Supp. 2d 709, 721 (W.D. Tex. 2014) (quoting Lowe v. Singh, Civ. A. No. H10–1811, 2010 WL 3359535, at *2 (S.D. Tex. Aug. 23, 2010)) (finding that plaintiff could likely obtain full relief from the existing diverse defendants, but granting motion for leave to add a non-diverse defendant because the four Hensgens factors, considered together, "weigh[ed] in favor of amendment"); see also Flores, 2015 WL 2452523 at *3 (denying leave to add non-diverse party,

---

[3] This Court entered an interim protective order (Dkt. # 13), instituted an automatic stay of Junction's Counterclaims due to Team Express' proceeding before the Bankruptcy Court (Dkt. # 12), lifted the stay pursuant to motion and an order issued by the Bankruptcy Court (Dkt. # 22), and granted various agreed motions to seal documents and extend deadlines.  No dispositive motions have been filed.

because there was no evidence that existing defendants "would be unable to satisfy a future judgment").

Here, it is impossible to conclusively determine whether Team Express will be significantly injured if the amendment is not permitted, because the amount –if any – of its recovery against Junction depends upon the success of the claims which have not yet been adjudicated on the merits.

Junction argues that Team Express does not face any injury if denied leave to add RSM, because the contract at issue between Team Express and Junction "contains a clear and unambiguous limitation of liability clause, which strictly limits the liability of any party to the amount actually paid under the contract."  (Dkt. # 34 at 1.)

To date, Team Express has paid less than one million dollars under the contract, an amount well within the scope of Junction's seven million dollar insurance policy.  (Dkt. # 34 at 1.)  However, if Team Express succeeds on certain of its claims, including its claims for Fraudulent Inducement and Fraudulent Misrepresentation, it is possible that the contract will be found invalid and Junction and Microsoft will be liable for the Team Express' alleged damages in excess of the contractual limitation.  It is possible, though by no means certain, that these liabilities will exceed Junction's assets, in which case Team Express could be injured if the Proposed Additional Parties, including non-diverse RSM, are not

added.  Accordingly, this factor weighs in favor of granting leave to amend the complaint.

    4. <u>Whether additional factors bear upon the equities</u>

A court should consider "the dangers of parallel proceedings" in state and federal court when determining whether to grant Team Express leave to add a non-diverse defendant.  <u>Flores</u>, 2015 WL 2452523, at *4.  The Court should also consider that "the diverse defendant has an interest in retaining the federal forum." <u>Hensgens</u>, 833 F.2d at 1182.  There is not a great danger of allowing parallel proceedings in state and federal court here; while Team Express' claims against the Proposed Additional Parties are potentially important to any recovery of damages, the TUFTA clams arise out of a different, albeit quite related, set of facts than those related to the alleged software failure.  Further, the diverse defendants will forfeit their interest in retaining the federal forum, should the motion be granted.  Accordingly, this factor weighs against permitting amendment to add a non-diverse party.

    5. <u>Conclusion</u>

Here, the first and third <u>Hensgens</u> factors fully support granting Plaintiff leave to add a non-diverse party, the second does not weigh against granting Plaintiff leave to amend, and the final factor weighs against granting leave to amend.  On balance, more factors weigh in favor of granting leave to amend

than weigh against granting leave; in such case, Plaintiff's Motion to Amend its Complaint should be **GRANTED**. (Dkt. # 30, Ex. 1.)

"If the court grants the joinder [of a non-diverse party], it must, under 1447(c) and Thermtron remand the case to state court." Hensgens, 833 F.2d at 1182 (citing Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345 (1976)); Hensgens, 833 F.2d at 1181 ("[M]ost post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so.").

Junction's Response refers to the possibility that it will amend its answer to add a counterclaim against Team Express for copyright infringement. (Dkt. # 34 at 10.) Where the Court does not have diversity jurisdiction over a suit pursuant to 28 U.S.C. § 1332 and the complaint states no federal causes of action which would give the Court federal question jurisdiction pursuant to 28 U.S.C. § 1331, the addition of a federal counterclaim is insufficient to allow the Court to maintain jurisdiction over the case. Holmes Group, Inc. v. Vornado Air Circ. Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Accordingly, remand to state court is appropriate even if Junction should amend its counterclaim to add a federal cause

12

of action.  See id.; Martin v. Franklin Cap. Corp., 546 U.S. 132, 134 (2005) ("If it appears that the federal court lacks jurisdiction . . . 'the case shall be remanded'" (quoting 28 U.S.C. § 1447(c)).).

  B.  <u>Whether claims against existing parties should be added</u>

      Neither Junction nor Microsoft opposes the addition of negligence and gross negligence claims proposed by Team Express, as these claims arise out of the facts and against the parties in Team Express' original complaint.  (Dkt. # 33 at 1, Dkt. # 34 at 10.)  Accordingly, Team Express' Motion for leave to amend its complaint to add claims for negligence and gross negligence is **GRANTED**.  (Dkt. # 30, Ex. 1; Ex. 2 ¶¶ 94–99.)  Further, Junction does not object to Team Express' Motion to file an Amended Answer to Junction's Counterclaim (Dkt. # 34 at 10), and Team Express' Motion to Amend its Answer is also **GRANTED** (Dkt. # 30, Ex. 1)**.**

CONCLUSION

      For the reasons stated above, Team Express' Motion to Amend its Complaint is **GRANTED** (Dkt. # 30, Ex. 1).  As the addition of RSM destroys diversity jurisdiction, this case is hereby **REMANDED** to the 438th Judicial District Court of Bexar County.

**IT IS SO ORDERED.**

**DATED:** May 19, 2016, San Antonio, Texas.

                                        David Alan Ezra
                                        Senior United States Distict Judge