UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEAM EXPRESS DISTRIBUTING LLC, | § § § | No. 5:15–CV–994–DAE |
| Plaintiff, | § § § | |
| vs. | § § | |
| JUNCTION SOLUTIONS, INC., and MICROSOFT CORPORATION, | § § § § | |
| Defendants. | § | |

ORDER: (1) GRANTING LEAVE TO FILE AMENDED ANSWER AND
COUNTERCLAIM; (2) GRANTING MOTION TO RECONSIDER;
(3) VACATING ORDER TO REMAND

Before the Court is a Motion for Leave to File an Amended Answer and Motion for Reconsideration of the portion of this Court's May 19, 2016 Order remanding the case to the 438th Judicial District Court of Bexar County (Dkt. # 41), filed by Defendant Junction Solutions ("Junction") on May 20, 2016. (Dkt. # 42). On May 27, 2016, Plaintiff Team Express Distributing, LLC ("Team Express") filed a Response stating that it did not oppose litigating the case in Federal Court.[1] (Dkt. # 45.) For the reasons stated below, Defendant's Motion for Leave to Amend, and Motion for Reconsideration is **GRANTED** (Dkt. # 42). This

---

[1] Team Express declined to address the merits of Junctions' legal arguments; the Court fully addresses the legal issues in Junction's Motion below.

1

Court's May 19, 2016 Order is **VACATED IN PART**, insofar as it remanded the suit to the 438th Judicial District Court of Bexar County.

## BACKGROUND

On May 19, 2016, this Court granted Team Express' Motion to Amend its Complaint to add various claims and parties, including RSM US LLP ("RSM"), a citizen of Texas. (Dkt. # 41.) After applying the Fifth Circuit's test from Hensgens and finding that Plaintiffs had met the heightened standard to add RSM, a non-diverse party, to the suit, this Court remanded the case to the 438th Judicial District of Bexar County, the court from which the case had been removed. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Junction now seeks reconsideration of this Court's order, insofar as the order remanded the case to state court. (Dkt. # 42.)

## LEGAL STANDARD

"A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). Rule 59(e), however, is "not the proper vehicle for rehashing evidence,

legal theories, or arguments that could have been offered or raised before entry of judgment," Templet, 367 F.3d at 478, and it "should not be used to . . . re-urge matters that have already been advanced by a party." Nationalist Movement v. Town of Jena, 321 F. App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." Id.

## ANALYSIS

I. Motion to Amend Answer and Add Counterclaims

Junction seeks to amend its answer and counterclaim to Team Express' amended complaint; the proposed amended filing adds a counterclaim for copyright infringement. (Dkt. # 42 at 3; id. Ex. A.) Federal Rule of Civil Procedure 15 grants a defendant the right to enter a responsive pleading within 21 days of service of an amended complaint. Fed. R. Civ. P. 15(a)(1)(B). Team Express filed an amended complaint, with leave of Court, on May 20, 2016. (Dkt. # 43.) Accordingly, Junction's Motion to file an Amended Answer is timely and should be granted.

"The policy of the Federal Rules is to permit liberal amendment." Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). Federal Rule of Civil Procedure 15 advises the court to "freely give leave" to add a counterclaim "when justice so requires." Fed. R. Civ. P. 15(a)(2); id. advisory

committee's note to 2009 amendment.  Accordingly, a court should only deny leave to add a counterclaim if there exist "such factors as undue delay, bad faith or dilatory motive on the part of the movant." Matter of Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996).  Where "a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" Inline Corp. v. Tricon Restaurants Int'l, Civ. A. 3:00–CV–990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (quoting Poly–America, Inc. v. Serrot Int'l Inc., Civ. A. 3:00–CV–1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)).  Here, Junction's Motion to Amend was filed by the May 20, 2016 pleading deadline set by the scheduling order in the case (Dkt. # 21), and the Court finds that the proposed amended counterclaim is not filed to delay the litigation or otherwise promote a dilatory motive.  Junction previously disclosed its intention to move to add an additional counterclaim, and there is no evidence that Junction's proposed counterclaim is made in bad faith.  (Dkt. # 34 at 10.)  Accordingly, Junction's Motion to Amend is **GRANTED** (Dkt. # 42).

　II.　Motion to Reconsider Order Remanding Case to State Court

　　　　As Junction correctly points out in its Motion to Reconsider, Congress recently created an exception to the well-pleaded complaint rule, changing the traditional understanding that a federal court cannot retain jurisdiction over a diversity suit once diversity has been destroyed, simply because a defendant asserts

federal counterclaims.  28 U.S.C. § 1454 grants federal courts jurisdiction over "[a] civil action in which <u>any party</u> asserts a claim for relief arising under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1454(a) (emphasis added).  Under § 1454, "a defendant with a patent or copyright counterclaim is no longer bound by a plaintiff's well-pleaded state law complaint to litigate in state court."  <u>Donahue v. Tokyo Electron America, Inc.</u>, 42 F. Supp. 3d 829, 834 (W.D. Tex. 2014); <u>Van Steenburg v. Hageman</u>, SA:14–CV–976, 2015 WL 1509940, at *5 (W.D. Tex. Mar. 31, 2015).

However, the mere addition of a claim involving a copyright is insufficient to give this Court jurisdiction over the matter; rather, the Court must ascertain whether the action actually "aris[es] under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1338(a).

> An action 'arises under' the Copyright Act if . . . the complaint is for a remedy expressly granted by the Act . . . or, at the very least . . . presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

<u>Goodman v. Lee</u>, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting <u>T.B. Harms Co. v. Eliscu</u>, 339 F.2d 823, 828 (2d Cir. 1964)).

Junction's amended counterclaim alleges that it made various custom modifications to the Microsoft Software program at issue in this suit to meet Team Express' specific needs.  (Dkt. # 42, Ex. A ¶¶ 28–32.)  Junction claims these custom software modifications are covered by United States Copyright

Registration Number TXu 1-990-495, and asserts that Team Express' continued use of the custom software without full payment of the fees allegedly owed to Junction amounts to copyright infringement.  (Id. ¶¶ 29, 33–34; id. Ex. A-1.)  Junction seeks a declaration of such infringement, an order permanently enjoining Team Express from continued acts of infringement, destruction of any material violating Junction's copyright, and compensatory damages.  (Dkt. # 42, Ex. A-1 at 38–39.)  These allegations are sufficient to allege a claim "arising under" the Copyright Act, 17 U.S.C. § 101, et seq.; accordingly, this counterclaim falls squarely within the exception to the well-pleaded complaint rule created by 28 U.S.C. § 1454(a), and the Court has jurisdiction over the case on the basis of the counterclaim for copyright infringement.

Where a district court exercises jurisdiction over a case solely on the basis of 28 U.S.C. § 1454(a), the court "shall remand all claims that are neither a basis for removal [pursuant to § 1454(a)] nor within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1454(d)(1).  Federal courts have supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 387 (1998) (quoting 28 U.S.C. § 1367(a)).  A court should not exercise supplemental jurisdiction "where a state claim constitutes the real body of a case, to which the

federal claim is only an appendage;" in such a case, "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Further, the district court should "[d]ecline to exercise supplemental jurisdiction over a claim . . . if the claim raises a novel or complex issue of State law," or other circumstances exist compelling the court to decline the exercise of jurisdiction. 28 U.S.C. § 1454(d)(2); id. § 1367(c)(1)–(4).

      Here, Team Express' claims against Junction, and Junction's copyright counterclaim against Team Express "derive from a common nucleus of operative fact" of the sort that should be tried "in one judicial proceeding." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (quoting Gibbs, 383 U.S. at 724). The issues of the case are factually intertwined, and the copyright claim is not merely an appendage that can be separated and litigated independently in federal court. Further, while Team Express' claims are perhaps factually complex, they do not appear to raise any particularly novel issues of state law. Accordingly, it is appropriate for the Court to exercise supplemental jurisdiction over Team Express' state law claims.

      Having found that Junction has alleged a counterclaim requiring this Court's exercise of jurisdiction, and having found that no exceptions to this

jurisdiction apply here[2], the portions of pages 12 and 13 of this Court's May 19 Order remanding the case to state court, should be **VACATED** (Dkt. # 41). Pursuant to 28 U.S.C. § 1454(a), this Court has jurisdiction over the case due to Junction's counterclaim for copyright infringement, in spite of the addition of the non-diverse party RSM.

---

[2] Section 1454 requires "that removal of an action under this section shall be made in accordance with section § 1446." 28 U.S.C. § 1454(b). Another court in this district has explained:

> [that an] inherent tension exists between § 1454 and § 1446: § 1454 overruled the well-pleaded complaint rule when it comes to certain counterclaims, and specifically allows a defendant to remove a case based on the assertion of a copyright counterclaim even if the case otherwise is completely devoid of federal jurisdiction. This inherent tension—if not total incompatibility—between § 1446 and § 1454 leaves this Court with the conundrum of trying to figure out when the removal period for a § 1454 removal is triggered.

Donahue, 42 F. Supp. 3d at 835. The applicability of § 1446 is perhaps even more uncertain here, where Junction does not seek to remove the case to district court, but rather seeks to vacate the portion of the order remanding the case to state court.

However, even if § 1446 is applicable here, it does not implicate any timeliness concerns, because Junction moved to vacate the portion of the Court's order remanding the case only one day after the order issued, and on the same day that it moved for leave to file its amended counterclaim alleging copyright violations. Further, the suit was first brought in state Court on October 2, 2015, less than a year before Junction's instant motion to retain federal jurisdiction. See §§ 1446(c) & (c)(3)(B) (limiting the removal period to one year in certain circumstances). Finally, while Junction applied for Copyright TXu 1-990-495 in 2015, the official copyright did not issue until May 2, 2016; Junction amended its counterclaim to add a cause of action for copyright infringement within thirty days of this date. (Dkt. # 42, Ex. A-1; see § 1446(b)(3) (setting thirty-day window for removal by defendant, in certain circumstances not clearly applicable here.)

CONCLUSION

For the reasons stated above, Junction's Motion to Amend its Answer and Motion for this Court to Reconsider in part its May 19, 2016 Order, are **GRANTED** (Dkt. # 42).  Junction may file its amended answer and counterclaim with the Court; the portions of pages 12 and 13 of this Court's May 19, 2016 order are **VACATED**, and this Court again assumes jurisdiction over the matter.

**IT IS SO ORDERED.**

**DATED:** May 31, 2016, San Antonio, Texas.

---

David Alan Ezra
Senior United States Distict Judge