IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEAM EXPRESS DISTRIBUTING LLC, | § § | |
| *Plaintiff,* | § § | 5:15-CV-00994-DAE |
| vs. | § § § | |
| JUNCTION SOLUTIONS, INC., MICROSOFT CORP., and RSM US LLP, | § § § | |
| *Defendants.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Microsoft Corp.'s Bill of Costs, Dkt. No. 380, and Motion for Attorneys' Fees, Dkt. No. 387. Plaintiff Team Express Distributing LLC filed objections to the bill of costs, Dkt. No. 381, and an opposition to the attorneys' fees motion, Dkt. No. 390. Microsoft filed a reply in support of its request for attorneys' fees. Dkt. No. 391. The District Court referred these matters for disposition by report and recommendation. *See* Dkt. No. 386; Text Order dated Aug. 21, 2019. The parties also submitted two joint advisories on these topics, after conferring to seek a resolution on some or all of the issues presented. *See* Dkt. Nos. 395 & 396. Authority for this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, I recommend that Defendant Microsoft's Bill of Costs, Dkt. No. 380, as amended, be **GRANTED** and that Microsoft be awarded $63,333.96 in costs. I further recommend that Microsoft's Motion for Attorneys' Fees, Dkt. No. 387, be **GRANTED IN PART** and that Microsoft be awarded $1,544,812.09 in attorney's fees.

*Background.* Team Express originally filed this case in state court in the fall of 2015 against Junction Solutions, Inc. and Microsoft. Defendants soon removed the case. After removal, Team Express amended its complaint several times, ultimately seeking over $50 million in lost-profit damages. Team Express asserted various tort claims against Microsoft, including for fraud and fraudulent inducement, fraudulent misrepresentation and concealment, negligent misrepresentation, negligence, civil conspiracy, and joint enterprise. Team Express also sued Microsoft for breach of contract and warranty based on the terms of a licensing agreement. Also asserted by Team Express against Microsoft were claims for aiding and abetting, and various theories of Microsoft liability premised on agency principles.

Discovery and pretrial practice ensued. The parties took over 30 depositions of fact witnesses. Microsoft responded to over 180 written discovery requests. *See* Dkt. No. 387-1. But the case narrowed considerably at the summary judgment stage when the Court granted Microsoft's motion for summary judgment on Team Express's tort-related claims. Dkt. No. 299. The Court also enforced the aforementioned licensing agreement and limited Microsoft's potential liability to the $400,000 price paid for the software product underlying the dispute.

A week-long jury trial on the remaining contract claims ensued. The jury ultimately returned a verdict in favor of Microsoft. The final judgment reflects that Team Express "shall take nothing on its breach of contract claim against [Microsoft]," and that Microsoft "is awarded costs of court and shall file a Bill of Costs in accordance with the local rules." Dkt. No. 379. Microsoft later filed a motion for attorney's fees, which utilizes a lodestar method for calculating the recoverable fees. Dkt. No. 387.

*Bill of Costs.* Consistent with the Final Judgment, taxable costs are recoverable by Microsoft pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule CV-54. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>   (1) Fees of the clerk and marshal;
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. There is no dispute that Microsoft is entitled to recover costs; only the amounts and types of items requested as costs are disputed.

In total, Microsoft requests an amended amount of $63,333.96 in costs. *See* Dkt. No. 396-1 at 15 & n.11. This is a reduction of $6,112.60 from the original request. *Id*. The currently requested costs relate to video depositions and transcripts for individuals presented via video at trial as well as for individuals that Team Express presented live at trial (and some others), and, finally, for various printing costs. *See id.* These costs are recoverable.

"Costs related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999)). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). A deposition is necessarily obtained for use in a case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely discovery.'" *Fogleman*, 920 F.2d at 285. Microsoft explains in its most recent filing that for witnesses presented by video at trial, significant video footage was used and that print transcripts were required as part of its customary preparations for use of these materials at trial. *See* Dkt. No. 396-1. For those witnesses presented by Team

Express at trial, Microsoft is also entitled to recover costs related to their depositions. In a case like this, which began as a complex multimillion-dollar dispute and was in that posture when the video depositions were taken, obtaining video depositions of witnesses who ultimately appeared live at trial is understandable and reasonable. Even though the videos weren't used at trial, they were still used in counsel's trial preparation, and these costs are reasonable and should be awarded to Microsoft.

Microsoft's requested printing costs are also recoverable. Microsoft asserts that the amount requested is less than one-third of its overall costs of this type. And Microsoft further explains that these printing costs were necessary to produce materials for use at trial because Microsoft required copies of exhibits and pleadings to prepare itself and its witnesses for trial, and was required to provide copies of its exhibits to the Court and trial witnesses. These requested charges are reasonable considering the complexity of the case and the materials' use at trial by counsel, witnesses, and the Court, which made them necessary for the litigation.

*Attorney's Fees.* Microsoft requests $1,716,457.88 in attorney's fees. *See* Dkt. No. 387 at Ex. B. There's no real dispute that Microsoft's lodestar attorney's fees associated with defending against the contract claims are recoverable. At issue is the amount of those fees and what's properly included in them, as well as whether fees associated with defending against tort claims can and should be segregated from fees association with the contract claims. The requested fees are not reasonably amenable to segregation, if they need to be segregated at all, and the hours billed sufficiently pass muster, after a small adjustment, as explained next.

The relevant licensing agreement provides, in pertinent part, that the "'prevailing party [in litigation] will be entitled to recover its reasonable attorneys' fees, costs, and other expenses (including any appeal). '" Dkt. No. 387 (quoting the licensing agreement). The law of the State of Washington governs the agreement and the fees issue here. *See id*. at 4 (discussing this

undisputed choice-of-law issue). Section 4.84.330 of the Revised Code of Washington provides that in any action on a contract, where such contract provides for attorneys' fees and costs, the prevailing party shall be entitled to reasonable attorneys' fees. RCW 4.84.330. There's no dispute that Microsft is the prevailing party, and (as mentioned) no meaningful dispute that it is entitled to recover at least *some* attorney's fees. The heart of the present dispute involves only the amount to be recovered. Team Express also raises some procedural objections to Microsoft's attorney's fees request. But these objections don't in my view warrant disallowing an award of fees or costs. To the extent Team Express is aggieved by how Microsoft submitted its most recent briefing on fees and costs, Team Express can address those concerns via objections to this report and recommendation. As mentioned, I don't find any procedural irregularities here that warrant denying fees or costs.

*Attorney's Fees – Segregation.* The first substantive issue to address is whether Microsoft ought to seek recovery of only those fees attributable to defending against Team Express's contract claims. Building from the assumption that the fee-shifting provision in the licensing agreement authorizes recovery of attorney's fees by the prevailing party in a dispute about the contract, the parties take issue with whether or not the fees here are capable of being reasonably segrated between fees incurred for work on contract claims and fees for work on other claims. Under Washington law, an award of fees "must properly reflect a segregation of the time spent on issues for which attorney fees are authorized from time spent on other issues.'" *King Cnty. v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper*, 398 P.3d 1093, 1100 (Wash. 2017) (quoting *Hume v. Am. Disposal Co.*, 880 P.2d 988, 997 (Wash. 1994)). But "[s]egregation of fees is not necessary where 'the trial court finds the claims to be so related that no reasonable segregation . . . can be made.'" *King Cnty.*, 398 P.3d at 1100.

After the Court granted Microsoft's motion for summary judgment, the fees incurred by Microsoft going forward related only to its defense against claims sounding in contract. There is little room for debate that all fees incurred after the summary judgment ruling are therefore recoverable. This leaves at issue only the amount of such post summary judgment fees, as well as the issue of segregation as it applies to fees incurred before the summary judgment ruling when tort claims were still at issue. I take up the second issue, segreagtion, next.

For the attorney's fees incurred by Microsoft prior to the summary judgment ruling, Microsoft urges that it has already segregated and excised from its fees request "those fees related to the small percentage of tasks completed by counsel for Microsoft . . . [that] were clearly attributable only to Team Express's tort claims." Dkt. No. 387 at 6. The remainder of its requested fees, says Microsft, cannot reasonably be segregated between work on contract claims and work on tort claims. I agree.

The best places to see the merit of Microsoft's argument are the Court's order on summary judgment and the live complaint. In both places, it is evident that Team Express brought claims in tort that were inextricably intertwined with the contract. Indeed, tort claims are hard pressed to proceed in lockstep with contract claims; recoverable tort claims typically should be premised on duties and obligations outside the contract and seek to recover for injuries apart from those resulting from an alleged contractual breach. *See* Dkt. No.299. Here, however, a key basis for the award of summary judgment in favor of Microsoft on a majority of tort claims lodged against it was that the claims should have been limited to those sounding in contract. *See id.* When Team Express lost that fight on summary judgment, its argument that the tort claims are severable from the contract claims suffered considerably. *See* Dkt. No. 299 at 42. The live complaint bolsters this conclusion. It reflects tort and contract claims that all involve the same underlying facts and witnesses, whether those claims relate to events before or after the software

at issue was implimented. Indeed, all of Team Express's variations of claims for fraud, negligence, and those involving contractual obligations apparently resulted in the exact same damage. Team Express chose to plead and litigate its case as a massive complex, intertwined tort and contract case, and it does not now convincingly argue that the work to defend against the contract and tort claims is realistically or reasonably separable.

Although the parties don't argue the point, the dispute about fee segregation may be beside the point. The licensing agreement's fee-shifting provision appears to authorize recovery of attorney's fees by a prevailing party with respect to any claim "in connection with or arising out of this agreement or the software." Dkt. 226-5 at 4 (in ¶ 14(c)). There is case law in Washington reflecting that "[i]f an action in tort is based on a contract containing an attorney fee provision, the prevailing party is entitled to attorney fees." *Brown v. Johnson*, 34 P.3d 1233, 1234 (Wash. App. 2001) (attorney's fees recoverable on a claim of misrepresentation that arose out of a contract entitling the prevailing party to fees). A tort action is based on a contract if it arose out of the contract and the contract is at the center of the dispute. *Id*. As discussed above, Team Express's tort claims cannot be reasonably segregated from its contract claims, and those tort claims are arguably based on the licensing agreement which provides for the prevailing party to recover attorney's fees. Further, the tort claims here assuredly were "in connection with . . . the software," which also would support enforcing the parties' contract to provide recovery of attorney's fees incurred to defend against those torts claims. Accordingly, attorney's fees are likely recoverable on all of Team Express's claims and segregation perhaps was not required at all. Of course, the parties don't raise this issue, so I decline to pursue it further. But it warrants this brief mention because it could provide a second, independent basis to award Microsoft all its reasonable attorney's fees.

***Attorney's Fees – Unreasonable and Unrecoverable Hours.*** Next, Team Express complains of "unreasonable and unrecoverable hours." In making this objection, Team Express doesn't take issue with the hourly rates used, just certain categories of work it claims are unreasonable or unrecoverable. In support of its position, Team Express provides a detailed, color-coded rendering of the underlying invoices. *See* Dkt. No. 390. This document provides the following categories of, in Team Express's view, non-recoverable fees: (1) certain travel time, agency work, budget and status report work, etc., which entries are highlighted in gray on the schedule; (2) deposition-related issues mostly arising from multiple attorneys appearing at depositions, which are highlighted in green; (3) time spent on unsuccessful issues that are highlighted in orange; and (4) unrecoverable paralegal time highlighted in blue.

In calculating a lodestar amount under Washington law, a court multiplies the hours reasonably expended by the reasonable hourly rate, but "should discount hours spent on unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time." *Chuong Van Pham v. City of Seattle, Seattle City Light*, 151 P.3d 976, 981 (Wash. 2007) (citing *Bowers v. Transamerica Title Ins. Co.,* 675 P.2d 193, 203 (Wash. 1983)). If the attorneys seeking fees have demonstrated a lack of billing judgment by "spending undue amounts of time and unnecessary effort to present the case," a downward adjustment is necessary. *Berryman v. Metcalf*, 312 P.3d 745, 755 (Wash. App. 2013) (quoting *Nordstrom, Inc. v. Tampourlos*, 733 P.2d 208, 212 (Wash. 1987)). In making any such necessary adjustments, Washington courts have "recognized the utility of applying percentage reductions to fee requests." *Cedar Grove Composting, Inc. v. City of Marysville*, 354 P.3d 249, 265 (Wash. App. 2015); *See Clausen v. Icicle Seafoods, Inc.,* 272 P.3d 827, 834 (Wash. 2012).

After a review of the various invoices and objections to same, I don't find Team Express's color-coded objections particularly forceful, although there is some merit to a few of

them. In support of this conclusion resulting from a "hands on" review of the invoices is the declaration of Microsoft's lead counsel Ms. Lovett, who explains that she reviewed all of her firm's prebills for Microsoft and "ensured that the submitted invoices did not contain any work that was duplicative, unnecessary, or otherwise not properly chargeable." Dkt. No. 387-1 at Ex. A. Ms. Lovett's blanket assurances are not necessarily sufficient on their own to demonstrate that her firm exercised the appropriate billing judgment with regard to the challenged fees, but in connection with my own review of the invoices, I'm satisfied that a significant reduction isn't warranted. It will suffice instead to reduce the attorney's fees requested by 10 percent, to account for duplication, insufficiently explained entries, or those few items that appear to be unsupported by adequate billing judgment.

## Conclusion

In conclusion, I recommend that Defendant Microsoft's Bill of Costs, Dkt. No. 380, as amended, be **GRANTED** and that Microsoft be awarded $63,333.96 in costs. I further recommend that Microsoft's Motion for Attorneys' Fees, Dkt. No. 387, be **GRANTED IN PART** and that Microsoft be awarded $1,544,812.09 in attorney's fees.

## Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to

which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 6th day of February, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE